# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| KNOSSOS GLOBAL SYSTEMS LLC,<br><br>　　　　　Plaintiff,<br>　v.<br><br>BLACKBERRY LIMITED,<br><br>　　　　　Defendant. | Civil Action No. 2:25-cv-01177<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Knossos Global Systems LLC ("Knossos" or "Plaintiff") files this complaint against BlackBerry Limited ("BlackBerry" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows.

### NATURE OF THE ACTION

1. This is a patent infringement action against Defendant for infringement of the following United States Patent (the "Asserted Patent") issued by the United States Patent and Trademark Office ("USPTO"), copies of which are available as provided below:

| | U.S. Patent No. | Title | Available At |
|---|---|---|---|
| A. | 8,819,410 | Private Electronic Information Exchange | USPTO.GOV,<br>https://ppubs.uspto.gov/api/pdf/downloadPdf/8819410? |

2. Plaintiff seeks injunctive relief and monetary damages.

### PARTIES

3. Plaintiff is a limited liability company formed under the laws of Texas with a registered office address located in Austin, Texas (Travis County).

4. BlackBerry is a Canadian corporation organized under the laws of Canada with its

principal place of business located at 2200 University Avenue East, Waterloo, Ontario, Canada N2K 0A7.

## JURISDICTION AND VENUE

5. Plaintiff repeats and re-alleges the allegations in Paragraphs 1-4 as though fully set forth in their entirety.

6. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

7. Venue is proper against Defendant in this District pursuant to 28 U.S.C. 1391(c)(3) because it does not reside in any judicial district in the United States. *See In re: HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

8. Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in this judicial District, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

9. Specifically, BlackBerry intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, through intermediaries, by contributing to and through inducement of third parties, and offers its products or services, including those accused of infringement here, to customers and potential customers located in Texas, including in this District.

10. Based upon public information, BlackBerry owns, operates, advertises, and/or controls the website https://www.blackberry.com/ through which it advertises, sells, offers to sell,

provides and/or educates customers about its products and services:



**Exhibit 1**.

11. The BlackBerry website lists the Defendant as the owner and operator of the website:



**Exhibit 2.**

12. BlackBerry offers products and services and conducts business in the Eastern District of Texas. For example, and as depicted below, BlackBerry promotes, advertises, and

provides its products and services, including the products and services accused of infringing herein through its website:



**Exhibit 3.**

13. BlackBerry has repeatedly appeared as a party in this Court, including, for example, *Calibrate Networks LLC v. BlackBerry Limited*, No. 2:25-cv-00435 (E.D. Tex.); *AttestWave LLC v. BlackBerry Limited*, No. 2:24-cv-00929 (E.D. Tex.); *Liberty Patents LLC v. BlackBerry Limited, et al.*, No. 2:21-cv-00458 (E.D. Tex.); and *American Patents LLC v. TCL Corp., et al.*, No. 4:18-cv-00767 (E.D. Tex.). These matters reflect BlackBerry's history of litigating in this District and further confirm that this Court is a foreseeable and convenient forum for disputes concerning BlackBerry's products and services.

14. BlackBerry ships and causes to be shipped into the District infringing products and materials instructing its customers, employees, exclusive and non-exclusive contractors, agents, and affiliates for installation, operation, and service, and thus perform infringing activities, at locations within the District.

15. Defendant commits acts of infringement from this District, including, but not limited

to, use of the Accused Products and inducement of third parties to use the Accused Products.

## THE ACCUSED PRODUCTS

16. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

17. Defendant uses, causes to be used, sells, offers for sale, provides, supplies, or distributes its private information exchange services, including through its website as shown in Exhibit 1.

18. Specifically, Defendant BlackBerry Limited uses, causes to be used, sells, offers for sale, provides, supplies, or distributes its private electronic information exchange services, including but not limited to BlackBerry BBM Enterprise and BlackBerry Work (the "Accused Products"), as identified in **Exhibit A** and **Exhibit B** (Evidence of Use Regarding Infringement of the Asserted Patent).

19. Defendant also instructs its customers, agents, employees, and affiliates regarding how to use the Accused Products for private information exchanges.

20. For these reasons and the additional reasons detailed below, the Accused Products practice at least one claim of each of the Asserted Patent.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,819,410

21. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

22. The USPTO duly issued U.S. Patent No. 8,819,410 (hereinafter, the "'410 patent") on August 26, 2014, after full and fair examination of Application No. 13/207,417 which was filed on September 7, 2012. *See* '410 patent at 1.

23. Knossos owns all substantial rights, interest, and title in and to the '410 patent,

including the sole and exclusive right to prosecute this action and enforce said patent against infringers and to collect damages for all relevant times.

24. The claims of the '410 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of virtual personalized network settings.

25. The written description of the '410 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

26. Defendant has directly infringed and continues to infringe one or more claims of the '410 patent by using, providing, supplying, or distributing the Accused Products.

27. Defendant has directly infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '410 patent, as detailed in <u>Exhibit A</u> (Evidence of Use Regarding Infringement of U.S. Patent No. 8,819,410 (BBM Enterprise)) and <u>Exhibit B</u> (Evidence of Use Regarding Infringement of U.S. Patent No. 8,819,410 (BlackBerry Work)).

28. For example, as detailed in <u>Exhibit A</u> and <u>Exhibit B</u>, the Accused Products, used by Defendant, provide a personal digital gateway, comprising: registering a sender to enable the sender to access services of a private domain in order to allow the sender to use the private domain for electronic information transmissions between members of the private domain; receiving, at a server associated with the private domain, data from the sender indicating that the sender is initiating the transmission of electronic information in the private domain to a recipient;

determining, at the server associated with the private domain, whether the recipient is a member of the private domain by examining a record of members of the private domain; providing to the sender, from the server associated with the private domain, a public cryptographic key associated with the recipient when the recipient is determined to be a member of the private domain; receiving, at the server associated with the private domain, electronic information to be delivered to a recipient from the sender, the electronic information comprises at least a portion of the electronic information encrypted by a symmetric cryptographic key that is unique for the transmission of the electronic information, and wherein the electronic information further comprises a security package that contains an encrypted version of the symmetric cryptographic key, the encrypted version of the symmetric cryptographic key encrypted by the sender using the public cryptographic key of the recipient to enable the recipient to decrypt the symmetric cryptographic key and then decrypt the at least a portion of the encrypted electronic information; and transmitting the electronic information, with the security package, over an electronic network to the recipient.

29. Knossos or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '410 patent.

30. Knossos has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Knossos in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

31. Knossos hereby requests a trial by jury on all issues so triable by right.

## **PRAYER FOR RELIEF**

32. Knossos requests that the Court find in its favor and against Defendant, and that the Court grant Knossos the following relief:

   a. Judgment that one or more claims of the Asserted Patent has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

   b. Judgment that Defendant accounts for and pays to Knossos all damages to and costs incurred by Knossos because of Defendant's infringing activities and other conduct complained of herein;

   c. Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

   d. That this Court declare this an exceptional case and award Knossos its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

   e. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: November 26, 2025　　　　　　　　　Respectfully submitted,

By: */s/ C. Matthew Rozier*

James F. McDonough, III (GA 117088) *
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

C. Matthew Rozier (CO 46854) *
**ROZIER HARDT MCDONOUGH PLLC**
1001 Bannock Street, Suite 241
Denver, CO 80204
Telephone: (404) 779-5305
Email: matt@rhmtrial.com

Jonathan L. Hardt (TX 24039906) *
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

*Attorneys for Plaintiff KNOSSOS GLOBAL SYSTEMS LLC*

\* admitted to the Eastern District of Texas

**List of Exhibits**

1. Webpage: BlackBerry Home Page

A. Evidence of Use Regarding Infringement of U.S. Patent No. 8,819,410 (BBM Enterprise)
B. Evidence of Use Regarding Infringement of U.S. Patent No. 8,819,410 (BlackBerry Work)